UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                              :    CHAPTER 13
                                    :
KATHLEEN RAE FRETZ                  :    BANKRUPTCY NO. 16-12969-amc
                                    :
            DEBTORS                 :

### CHAPTER 13 PLAN OF THE DEBTOR

1.   Kathleen Rae Fretz (the "Debtor") submits all or such portion of her future income to the control of the Trustee as is, or may be necessary for the execution of this Plan.

2.   The Debtor shall pay to the Trustee the sum of $200.00 monthly for a period of up to 36 months pending the sale of her real estate with payments to commence within thirty (30) days of the conversion of this case to a proceeding under Chapter 13, such payments to be distributed by the Trustee under the Plan.

3.   From the payments so received, the Trustee shall make disbursements as follows:

    (a)   Trustee fees and administrative expenses entitled to priority under 11 U.S.C. §507(a)(1)(c).

    (b)   Allowed unsecured claims entitled to priority under 11 U.S.C. §507(a)(8) will be paid in full as follows: Internal Revenue Service, in the amount of $23,700., PA Department Of Revenue, in the amount of $5,800., Borough Of Souderton, in the amount of $3300.00

(c) the Holders of allowed secured claims shall not be paid any amounts to cure default for mortgage arrears, if any, as follows and such creditors shall retain their liens securing such claims pending the sale of the Debtor's real estate, as follows:

(1) M&T Bank, holder of a first mortgage on 315 Sunnyhill Drive, Souderton, PA.,

(2) M&T Bank, holder of a second mortgage on 315 Sunnyhill Drive, Souderton, PA.,

(3) WSFS Bank, assignee of Penn Liberty Bank, holder of a third mortgage on 315 Sunnyhill Drive, Souderton, PA.

(d) Thereafter on a pro rata basis to scheduled creditors or their assigns with unsecured claims as follows:

Discover Financial Services, LLC, Erie Insurance, Penn Medicine and any other creditor timely filing a Proof Of Claim.

4. The Debtor shall maintain her current monthly mortgage payments outside the Plan to M&T Bank on its second mortgage, and to WSFS on its third mortgage beginning November 3, 2016, and thereafter, pending the sale of the Debtor's real estate and upon confirmation such payments shall be deemed adequate protection for such creditors' and/or their assignees interests in the Debtor's real estate.

5. The Debtor's equity in her real estate shall be deemed to be adequate protection for the interests of all the creditors in paragraph 3(c) above.

6. The Debtor shall sell her real estate at 315 Sunnyhill Drive, Souderton, PA and at closing of such sale payment shall be made in full satisfaction of the mortgages, and all liens on this property.

7. Further, upon the sale of the above real estate all Trustee, administrative, priority and unsecured claims shall be paid in full to the extent of the funds, except for any exemptions allowed to Debtor.

8. Debtor utilizing the services of a licensed broker shall obtain a bona fide agreement of sale for her real estate within twelve months from the date of the confirmation of this Plan and shall close the sale within six months thereafter. If the sale shall not close for any reason other than due to Debtor's default, then the Debtor will have an additional twelve months to obtain another agreement of sale and have six more months to close such sale.

9. Judgment liens which impair the Debtor's exemptions and/or are debts which are disputed shall be avoided by motion or other appropriate action.

10. The Debtor shall modify the Plan, if necessary, to provide for claims as events may arise, and in any event, reserves her right to modify the Plan under 11 U.S.C. §§1323 and 1329.

11. The filing of the Plan shall not result in a waiver of Debtor's exemptions as allowed by law and the Debtor reserves the right to amend her exemptions as a matter of course prior to the closing of this case. Further, if no Objection is timely filed and sustained to the exemptions of property claimed by Debtor or any amendment thereto as provided by the Rules of Bankruptcy Procedure then the Debtor shall be entitled to the claimed exemption in the property which shall be free of any interest or right of the Bankruptcy Estate or creditors.

12. Confirmation of the Plan and failure on the part of any creditor to object prior to said confirmation, shall constitute a finding that the Plan is the Debtor's best effort and shall bind all creditors and/or their assignees, whose claims are listed in the Debtor's Chapter 13 Schedules or Proofs of Claim timely filed, pursuant to 11 U.S.C. §1327.

13. By failing to object to the Plan, or any modification thereto, all creditors and/or their assignees holding claims agree not to make any effort to collect their claims against the codebtor on certain claims, William J. Fretz, except as may be allowed by specific Order of this Court, and further agree to take no steps to collect their claims in any other forum or in

any manner inconsistent with this Plan when confirmed or any modification thereto, so long as this case remains pending in this Court.

14. Debtor reserves her right to Object to any Proofs Of claim filed is this case until this case is closed by the Court.

15. The title to the property of the Estate as listed in the Debtor's Schedules shall vest in the Debtor upon the confirmation of the Plan, pursuant to 11 U.S.C. §1327, and Debtor shall have sole right to use and possession thereof.

16. Upon consummation of the Plan, all debts listed in the Debtors' Schedules shall be discharged pursuant to 11 U.S.C. §1328.

17. The Plan shall expire upon payment of 100% of the allowed claims or upon the expiration of 60 months from the effective date of the Plan, or upon payment by the Debtor of 100% of the amount required to be paid to the Trustee by paragraph 2, whichever comes first. Any money in the hands of the Trustee, after expiration of the Plan, as described above, or upon the entry of Debtor's discharge of debts or dismissal of the case, less fees due to the Chapter 13 Trustee and administrative expenses, shall be returned to the Debtor.

Dated: 11/4/16

_Kathleen Rae Fretz_
Kathleen Rae Fretz, Debtor