Fox and Fox Attorneys at Law, P.C.
By: Craig H. Fox, Esquire
Attorney I.D. #49509
706 One Montgomery Plaza
425 Swede Street
Norristown, PA  19401
Telephone:  (610) 275-7990
Facsimile:  (610) 275-2866
cfox@foxandfoxlaw.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| KATHLEEN RAE FRETZ, | : | |
| Debtor(s) | : | BANKRUPTCY NO.  16-12969-amc |

**RESPONSE OF WILMINGTON SAVINGS FUND SOCIETY, FSB, dba WSFS BANK, SUCCESSOR BY MERGER TO PENN LIBERTY BANK TO DEBTOR'S OBJECTION TO PROOF OF CLAIM**

Wilmington Savings Fund Society, FSB, dba WSFS Bank, Successor by Merger to Penn Liberty Bank, (and hereinafter "WSFS"), by its attorneys and opposes Debtor's Objection to Proof of Claim and assigns the following reasons therefore:

1. Admitted.

2. Admitted.

3. Admitted.

4. Denied as stated.  The Proof of Claim speaks for itself.  By way of further answer, see Affirmative Defenses below.

5. Denied as stated.  The Proof of Claim speaks for itself.  By way of further answer, see Affirmative Defenses below.

6. Admitted.

7. Denied as stated. It is admitted that certain funds were paid by Debtor to Penn Liberty Bank, and the Motion for Relief was withdrawn.

8. Denied as stated. There has been no transfer of the Claim.

9. Denied as stated. It is admitted that the Proof of Claim was prepared and filed after the Motion for Relief was withdrawn.

10. Denied as stated. The Proof of Claim speaks for itself. By way of further answer, see Affirmative Defenses below.

11. Denied as stated. The Proof of Claim speaks for itself. By way of further answer, see Affirmative Defenses below.

12. Denied as stated. The Proof of Claim speaks for itself. By way of further answer, see Affirmative Defenses below.

### Affirmative Defenses

1. The Proof of Claim of WSFS is self-sustaining and constitutes prima facie evidence of the amounts actually due.

2. The Debtor objects to the claim by disputing the arrearages outlined in the Claim. Since the Debtor has failed to overcome the presumption of the validity attendant to the Claim, the objection must fail, the claim must be allowed as filed.

3. The Claim, as filed, is entitled to a presumption of allowability. See 11 USC §502(a); F.R.B.P. 3001(f); In re. Pagnotti, 269 B.R. 326 (B.M.D. Pa. 2001).

4. By filing the objection, the Debtor incurs the burden of overcoming the presumption of allowability and establishing the basis that the Claim is invalid. In re. Allegheny International, Inc. 954 F.2d 167, 173-4 (3d Cir. 1992). The mere

filing of the objection does not satisfy the Debtor's burden; rather, the Debtor must offer evidence to overcome the presumption of validity of the Claim. <u>In re. Pagnotti</u>, 269 B.R. 326.

5. The Debtor has not filed any documentation to dispute the amount of the Claim. As such, the Debtor's objection must be overruled.

6. The amounts due alleged in the Proof of Claim are reasonable, actually incurred and in accordance with applicable law.

7. Debtor has failed to overcome the prima facie evidence of the validity of the Proof of Claim of WSFS.

WHEREFORE, WSFS prays that Debtor's objection to its Proof of Claim be overruled.

Respectfully submitted,

DATE:                          BY:    _____
                                      Craig H. Fox, Esquire
                                      Attorneys for Movant,
                                      Wilmington Savings Fund Society, FSB,
                                      dba WSFS Bank, successor by merger to
                                      Penn Liberty Bank