## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | CHAPTER 13 |
| KATHLEEN RAE FRETZ, | |
| Debtor(s) | BANKRUPTCY NO. 16-12969-amc |

**Wilmington Savings Fund Society, FSB,
dba WSFS Bank, Successor by Merger
to Penn Liberty Bank**
        **Moving Party**
  vs.

                                   **Hearing Date:**

**KATHLEEN RAE FRETZ**
        **Respondent(s)**

### Objection of Wilmington Savings Fund Society, FSB, dba WSFS Bank, Successor by Merger to Penn Liberty Bank to Confirmation of Amended Chapter 13 Plan

Wilmington Savings Fund Society, FSB, dba WSFS Bank, Successor by Merger to Penn Liberty Bank ("WSFS"), objects to confirmation of Debtor's Amended Chapter 13 Plan and asserts in support of its Objection as follows:

1. WSFS is a secured creditor, holding a mortgage on debtor's property located at 315 Sunnyhill Drive, Souderton, PA 18964 (the "Property").

2. WSFS has filed a secured proof of claim for pre-petition arrears in the amount of $4,170.64.

3. Debtor's Plan provides for payment in the amount of $0.00 towards the arrearage claim of the WSFS.

4. Debtor's Plan understates the amount of the WSFS's claim by $4,170.64, and does not provide sufficient funding to pay said claim including present value interest.

5. Accordingly, Debtor's Plan is NOT feasible, as it does not fully compensate the WSFS.

6. In addition, the Debtor's Plan fails to comply with 11 U.S.C. 1322 and 11 U.S.C. 1325.

7. The average normal monthly mortgage payment to WSFS is in excess of $2,000.00.

8. Paragraph 8 of the Amended Plan only provides for monthly payments of $1,000.00.

9. $1,000.00 is an insufficient adequate protection payment.

10. WSFS objects to the determination that WSFS is adequately protected.

11. The sale provision in paragraph 14 is vague as to monetary figure and terms. Further, the time is too far away, especially in view of the fact that the Bankruptcy was filed in 2016, with the sole intention of selling the Property to pay off the secured creditors, including WSFS.

12. Paragraph 21 of the Amended Plan is objectionable. It provides that title to the property of the estate shall vest in Debtor upon confirmation of the Plan, instead of upon completion of the Bankruptcy and Discharge.

13. Debtor(s) may be delinquent in plan payments to the Chapter 13 Trustee.

WHEREFORE, the Moving Party, Wilmington Savings Fund Society, FSB, dba WSFS Bank, Successor by Merger to Penn Liberty Bank, prays that the Court deny confirmation of the Debtor's Amended Chapter 13 Plan.

Respectfully submitted,

Date:

/s/ Craig H. Fox, Esquire
Fox and Fox Attorneys at Law, P.C.
One Montgomery Plaza, Suite 706
Airy and Swede Streets
Norristown, PA 19401
(610) 275-7990 FAX (610) 275-2866
Attorney for Moving Party/Applicant

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE:** | **CHAPTER 13** |
| **KATHLEEN RAE FRETZ,** | |
|                 **Debtor(s)** | **BANKRUPTCY NO. 16-12969-amc** |

**Wilmington Savings Fund Society, FSB,**
**dba WSFS Bank, Successor by Merger**
**to Penn Liberty Bank**
                **Moving Party**
    **vs.**

                                                 **Hearing Date:**

**KATHLEEN RAE FRETZ**
                **Respondent(s)**

**ORDER DENYING CONFIRMATION OF AMENDED CHAPTER 13 PLAN**

      AND NOW, this      day of           , 2018, upon consideration of the Objection to Amended Chapter 13 Plan by Wilmington Savings Fund Society, FSB, dba WSFS Bank, Successor by Merger to Penn Liberty Bank ("WSFS") and any response thereto, it is hereby

      ORDERED that Confirmation of Debtor's Amended Chapter 13 Plan is denied.

                                                        BY THE COURT:

                                                        _____